The next case this morning is 523-0418, People v. Anthony Williams. Arguing for the appellant is Brian Carroll. Arguing for the appellee is Pamela Wells. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. Good morning. Mr. Carroll, you are the appellant and represent the defendant in this case. Are you ready to proceed? I am, Your Honor. All right, you may do so. Thank you. May it please the court, counsel. My name is Brian Carroll, representing the appellant, Anthony Williams. Mr. Williams' pro se post-conviction petition made an arguable showing that he was denied his right to the effective assistance of counsel, where his trial counsel failed to move to sever the charges involving HH from those involving AH, and he was arguably prejudiced by counsel's failure to do so. Accordingly, this court should reverse the summary dismissal of his petition and remand the petition for second stage proceedings. Trial counsel was arguably unreasonable for not filing a motion to sever, where the charges involving HH were improperly joined with those involving AH. Section 111-4C of the Code of Criminal Procedures provides that charges involving different offenses can only be joined if the offenses are part of the same comprehensive transaction. And that's not the case here. The offenses involved different victims. The alleged offenses occurred almost a decade apart, and there is no evidence or even an allegation that the offenses were part of some common scheme. And notably, the state does not dispute in this brief that the charges were improperly joined. Secondly, Williams was arguably prejudiced by counsel's failure to seek a severance because had the charges been properly severed, HH's multiple hearsay statements would not have been admissible at the trial for the charges involving AH. HH's hearsay statements were admitted in Williams' trial under Section 115-10 of the Code of Criminal Procedures. Those hearsay statements, particularly the extensive video interview with child services, bolstered the credibility of HH's trial testimony, which in turn altered the credibility of AH's trial testimony, as HH was a propensity witness with respect to AH. And indeed, the trial court explicitly stated that HH and AH bolstered each other's credibility. Thus, so as long as the charges were joined, then HH's hearsay statements and their credibility boost, in effect, cannot be decoupled from the case involving AH. Are you saying that if they would have been severed that the testimony would not have come in? Correct. Yes. Isn't there a provision that would have allowed the child to testify? The child would have been able to testify under 115-7.3. However, her hearsay statements, which were much more extensive and detailed than her trial testimony, would not have come in. So had the charges been severed, then HH could have testified at AH's trial. Her testimony would not have been bolstered by the hearsay statements, and thus, they would not have been. And in turn, AH's trial testimony would not have been bolstered. And this is all pursuant to the decision in Hayden, which holds that Section 115-10 only allows the out-of-court statements of the victim of the prosecution at hand to come in. And had the trials been separated, HH would not have been the victim of the prosecution in AH's trial. Therefore, her hearsay statements would not come in, per the opinion in Hayden. Her hearsay statements would not have come in, but her testimony would have come in. Correct. And that's exactly the same situation that happened in Hayden. That even though the propensity witness could testify live, the credibility boost bolstering hearsay statements could not come in. So it still affected the trier of facts assessment of credibility. And this case was closely balanced, which, again, the state does not dispute in its brief. There was no physical forensic evidence inculcating Williams. The only evidence of the crimes was the testimony of HH and AH. Therefore, had HH's hearsay statements not come in and bolstered AH's testimony, then there's at least there's arguably at least a reasonable probability of a different outcome. Again, this is just following this decision of Hayden. I know the state argues that this court should follow the dissent in Hayden. However, the dissent would require this court to ignore the plain language of the statute. And unless this court can't ignore the plain language, unless there's some arguments that the language is somehow ambiguous, but the state makes no argument that these languages are ambiguous. Thus, under the plain language, which is the clear, the clearest evidence of the legislature's intent, then HH's hearsay statement could not come in. Notably, no courts have followed the dissent in Hayden, while others have followed the majority. And had the legislature been unhappy with the decision in Hayden, they could have amended the statute, but they have not. Thus, because HH's hearsay statement affected the credibility of AH, had the charges been properly severed, then there's at least there's arguably a reasonable probability of a probability of a different outcome. Now, are you saying that's enough to overcome Strickland? Yes, Your Honor. Again, it's a closely balanced case. Courts have applied... Explain why it's closely balanced. Because, again, as I stated previously, there is no evidence other than the girl's testimony or their allegations against him. Thus, the case is a credibility... What evidence is there of any motive to not tell the truth on the part of the girls? Well, the... I'm not... Off the top of my head, I can't think of any particular motive that was introduced. However, it comes down... That doesn't change the fact that it is a credibility... How old were these girls at the time of the events and also at the time of the... At the time of the trial? Yes. AH was an adult at the time of trial. AH... I mean, AH, the abuse occurred, I believe, started when she was 14 and went on until... She alleged that it started at 14 and went on until her freshman year in college. And AH was 11 at the time she alleged the offenses occurred. How old at the time of trial? Time of trial... I'm sorry, Your Honor, I just can't think off the top of my head when the... How old she was at the time of trial, but she was still... She was still a minor at the time of trial. But again, that doesn't... Those facts don't change the fact that, again, there is no other evidence other than their testimony. It doesn't change the fact that it's a credibility contest. The Illinois Supreme Court has repeatedly stated that when a case boils down to a credibility contest, it is closely balanced. That's what we have in this case, a closely balanced case. The state does not dispute that it's a closely balanced case. And therefore, because it is a closely balanced case, regardless of the alleged victim's ages, there's at least a reasonable probability, had AH's testimony not come in, or hearsay statements not come in, that the outcome would have been different. This was a bench trial, though, wasn't it? It wasn't a bench trial, but I mean, that's not a factor in this case, because the court allowed in the... As a bench trial, the judge can separate the difference between admissible and inadmissible evidence? Well, in this case, HH's hearsay testimony was admissible in William's trial because the charges were joined. Because they were joined, both HH and HH were the victim of that prosecution for purposes of 115-10. So it was not improper for the trial court to consider HH's hearsay testimony. Had it been separated, however, then that's a different story. HH would not have been the victim of the prosecution in AH's case. And therefore, it would have been improper for the state to introduce HH's hearsay under 115-10. So this is not a situation where the trial judge possibly considered improper evidence. The problem is, because the charges were improperly joined, HH's hearsay statements were properly brought in in AH's case. Didn't the trial court grant motions in Lemony that limited the hearsay? Well, again, even if HH's hearsay only came in with respect to the counts involving HH, they still bolstered her testimony. So her testimony and her testimony bolstered AH's. So even if one could argue, well, they only came in, they only directly came in in AH's case, they still affected the trial court's assessment of HH's credibility, which in turn affected the trial court's assessment of AH's credibility. The court explicitly stated in its finding. Therefore, since the charges were joined, you cannot decouple the credibility bolstering effect of HH's hearsay statements from AH's case. Okay, thank you. Mr. Carroll, you're out of time, unfortunately, but you will have a few moments or minutes after Ms. Wells gives her argument. One of the issues I would like you to address in your rebuttal, Mr. Carroll, is the prejudice, if any, which has been suffered by your client, as that is a factor under Hayden that you've discussed. So on the reply, because I'm going to ask the state the same question about how prejudice plays into this, if you'll address that on your rebuttal. Okay, Ms. Wells, for the state, I'm going to give you a few minutes to open up, and then I'm going to ask you what the prejudice prong is in this case, or maybe you could address that as part of your comments. I certainly will, Your Honor. Thank you. Your Honors, Counsel, may it please the Court, my name is Pamela Wells, as you certainly are well aware. This was a first-stage summary dismissal, and a couple of the things that have not been addressed is the forfeiture that this, under Blair, could have been raised on direct appeal and was not. So it is forfeited under the Post-Conviction Act, and that is a Supreme Court precedent that requires that. In addition, it is forfeited because of the failure to raise the ineffectiveness of appellate counsel, and that is also Supreme Court precedent of Jones. This court just allowed counsel to withdraw for the same reason in the Brock case, and while counsel cites Christman, that is distinguished because it is an outlier, it's a second district case, and Cole, Brock, Carter, and Ramph, which are on page 7 of my brief, all indicate that if you don't raise it in the pro se petition, that you have forfeited the claim because you didn't allege appellate counsel was ineffective. Thomas is different because the defendant in that case did raise that appellate counsel was ineffective, and Addison and Turner, which the defendant relies on, is different because it's a second stage dismissal, and I want to remind the court, which I'm sure you are well aware of, that a case can move from first stage to second stage just based on the passage of the 90 days if the court does not rule on it. So once you get to second stage, Addison and Turner talk about what reasonable assistance the post-conviction counsel needs to apply. It has no bearing on this case. Now, Justice Cates wanted us to address the prejudice prong under Hayden. I don't think there was prejudice in this case because the trial court is presumed to know and follow the law. Hayden is very different because it was a jury trial. And as Justice Moore pointed out... Explain why that makes a difference. It makes a difference because the judge is presumed to know and follow the law, and that goes specifically to prejudice. And in this case, as Justice Moore pointed out, there was a motion in Lemonade that the evidence of the 11510 hearsay statements was admitted solely as to the counts for HH. And it is presumed that the judge can ferret out what the admissible evidence is, what its purpose is for, and keep that straight. That is the Malgoza case that I pointed out, as well as Gonzalez. They are different, and you don't reach prejudice because the trial court in a bench trial is presumed to be able to keep the limitations on what the evidence was admitted for straight. And that's why the... In this case, Ms. Wells, the testimony was... In this case, the testimony was admitted. Even despite the motion in Lemonade, we know the testimony was admitted. Yes, it was admitted. How can it be admitted and be kept out at the same time? It was admitted for a limited purpose. That's different. It was admitted, though, and considered. Yes, for a limited purpose, only for the counts as to HH. And that's why it's different. Because the trial judge presumably understood that when the motion in Lemonade said admitted as to the counts for HH, it was only considering that evidence for that limited purpose. Okay. And I agree with you. But in Hayden, the issue was not the admission of bolstering testimony. It was the improper joinder of the counts. And the Fourth District said that when the trial court has erroneously admitted this or joined these, then a reversal is required. So the reason for that was because of the admission of the evidence, there was no limiting instruction as to you could only consider the hearsay statements of the one victim as to the other. So I think it is different because it is a bench trial. And the limiting instruction, the court stated openly that it was only considering this testimony for a specific reason. It didn't state that, but that was the motion. And the court admitted or granted the motion without objection, I might add. And counsel specifically, as to the prejudice, specifically said there were eyebrow-raising inconsistencies and evidence of coaching. So he wanted to use the 11510 hearsay motions to impeach, to show that it wasn't credible. And the fact that counsel's strategy was not successful doesn't mean that it wasn't a strategy or that he wasn't prejudiced. I do want to touch briefly on the fact that counsel has alleged that trial strategy cannot be considered in determination of whether it was arguable that trial counsel was unreasonable. We think that that is too broad of a reading of Tate because Howry, which is also, I'm sorry, specifically requires both stages, I'm sorry, both parts of the Strickland analysis to be proven to have an arguable claim, just a constitutional claim. And that was reaffirmed in Tate. The difference in Tate was that you couldn't tell counsel's trial strategy from the record. And here you absolutely can't. We have a defendant who is in custody. We have him saying why he wanted to use the CAC interview to show coaching and point out the eyebrow-raising things and inconsistencies. We have him immediately after saying that electing for a bench trial affirmatively saying they're going forward on all counts with both victims. And he followed up with his impeachment and his credibility arguments in closing arguments. Defendant was in custody at the time, and so it would make sense that counsel wanted to go for an all-or-nothing strategy so that his client, if he was found and acquitted on all charges, wouldn't be sitting in custody while they waited for another hearing where the same witnesses were going to testify. And the reason there wasn't prejudice, I want to go back to that briefly, is because the minor testified, H.H. testified in A.H.'s, would have been allowed to testify in A.H.'s trial because of the propensity statute, and so anything in the 11510 was merely cumulative. And so to show prejudice, you can't. It's the same evidence. She said it verbally, and then there was this 11510 that was admitted for a limited purpose and asked for her counts, but counsel for the defendant used it to impeach her and point out what he believed were inconsistency and eyebrow-raising issues. So I don't have any other points that I want to believe or I believe I want to raise. I think the trial court's summary dismissal was correct, and based on forfeiture as well as not presenting a gist of a constitutional claim, we would ask that you affirm the trial court's order. But I will answer any other questions you may have. All right. Justice Moore? No questions. Justice Scholar? No questions. All right. Thank you, Ms. Wells, for your argument. We'll hear now from Mr. Carroll. Thank you, Adam. Just to touch on prejudice, I believe I already answered the question in my opening. Williams was prejudiced because had counsel properly moved to several accounts, then, again, HH's hearsay testimony wouldn't have come in in the trial for 8H. And those hearsay statements bolstered HH's testimony, which bolstered 8H's testimony. What about the argument that this was trial strategy by defense counsel? There's no affirmative evidence that this was trial strategy. There's no evidence that counsel was even aware that the accounts were improperly joined and that he had the ability, he acted on it, to have the charges severed. I mean, the fact that he's trying to use 8H's hearsay to bring out some inconsistencies, at most, that's just showing he's trying to make the best of the hand that's dealt him. To say that this was a purposeful strategy to not do a severance is complete speculation. And, therefore, that moves it into something that should be addressed at the second stage. And plus, just, it doesn't make, even if it was strategy, it's not a sound strategy to have the hearsay statements introduced. HH's video statement was much more detailed, much more intensive than her trial strategy. So it had much more of an effect. So wanting that in the case when he could have gotten it out just doesn't make sense. In terms of forfeiture, pro se petitioners are not sophisticated litigants. They're not expected to fully flesh out all the legal points of their claims. And the Illinois Supreme Court has stated in Edison and Turner that legal deficiencies in a claim such as ineffective assistance of appellate counsel is something that can be cured on the second stage. Now, appointed counsel has no duty to add new claims at the second stage. But they do have a duty to add an assertion of appellate counsel's ineffectiveness, if needed, to overcome forfeiture. Therefore, an assertion of ineffective assistance of appellate counsel is not a new claim. It is simply a part of the pro se claim that has not been properly fleshed out. In terms of Blair, Blair does not require a different result. As the Blair court explained in pages 446 and 47, the purpose of allowing a summary dismissal based on forfeiture was to avoid wasting judicial resources on claims that could never bear fruit for a petitioner. But whereas here the deficiency is simply a failure to assert appellate counsel's ineffectiveness, that is not a claim that could never bear fruit. Because at the second stage, that could be fixed. In fact, appointed counsel has a duty to fix it. And indeed, on page 450 and 451, the Blair court points out that as another justification for allowing summary dismissal based on forfeiture, that the defendant has the ability to challenge the summary dismissal based on forfeiture on appeal, which is precisely what Williams is doing now. And Cole's assertion that you can't raise this on appeal, we believe, is a wrong reading of Jones. Jones doesn't say that you can't on appeal, you can't flesh out implicit arguments from the proceedings, just that you can't bring out entirely new claims. And as I previously argued, simply asserting ineffective assistance of appellate counsel to overcome forfeiture is not a new claim. Otherwise, appointed counsel would not have a duty to assert it on the second stage. So unless you have any other questions, I'll finish there. All right, Justice Moore? No questions. Justice Scholar? No questions. All right. Thank you both for your arguments here today on behalf of Anthony Williams. This matter will be taken under advisement and will issue an order in due course.